IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CARLOS GALLEGOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.1:16-CV-133-O |
| | § | |
| JORGE CASTANEDA, Warden, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Carlos Gallegos, a federal prisoner who was confined at FCI-Big Spring in Big Spring, Texas, at the time the petition was filed. After considering the petition and the relief sought by Petitioner, and the applicable law, the Court concludes that the § 2241 petition must be dismissed for lack of jurisdiction.[1]

## I. BACKGROUND

Petitioner Carlos Gallegos was convicted in the United States District Court for the Southern District of Texas, Houston Division, in cause number 4:05-CR-478-2, of conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203(a), for which he received a sentence of imprisonment of 324 months. *See United States v. Gallegos,* No. 4:05-CR-478-2 (S.D. Tex. Jan. 17, 2007) (Judgment, ECF No. 201).[2] Although Martinez filed a direct appeal, his conviction and 324 months' sentence were affirmed in an unpublished opinion of the United States Court of Appeals

---

[1] See text *infra* at page 3, regarding authority to summarily dismiss a petition under § 2241.

[2] The Court takes judicial notice of the records of the court in *United States v. Gallegos,* No.4:05-CR-478-2. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

for the Fifth Circuit. *See United States v. Gallegos,* 278 F. App'x 375, 376-77 (5th Cir. 2008). Among the grounds for relief rejected by the court of appeals was Gallegos's claim that the sentencing court erred by imposing a three-level increase under U.S.S.G. § 3B1.1(b) for his leadership role in the offense. *Id.* at 376. Gallegos then filed a motion under 28 U.S.C. § 2255 in the convicting/sentencing court, and after the court allowed Gallegos to file an extensive amendment to the § 2255 motion, the court denied the motion. Again, Gallegos included in his amended § 2255 motion the claim that the trial court erred in assessing a leadership role against him under the Sentencing Guidelines. The court rejected the claim. *See United States v. Gallegos,* No. 4:09-CV-099, 4:05-CR-478 (S.D. Tex. July 20, 2010) (Order and Judgment Denying § 2255 Motion, ECF Nos. 272-273).[3] In June 2016, Gallegos filed another § 2255 motion in the convicting court, this time asserting challenges to his conviction and sentence under *Johnson v. United States,* 135 S. Ct. 2551 (2015). In an Order dismissing that § 2255 motion, the Court noted that Gallegos's sentencing guideline range was not in any way calculated under the term "crime of violence", and the court also noted that Gallegos's motion was successive under § 2255(h) and Gallegos had not obtained the requisite authorization from the court of appeals. *See Gallegos v. United States,* No. 4:16-CV-1901, No.4:05-CR-478-02 (S.D. Tex. June 30, 2016) (Order and Judgment, ECF Nos. 277 and 278).[4]

## II. ANALYSIS

In this petition under § 2241, Carlos Gallegos asserts that his constitutional rights were violated. Petition, ECF No. 1, at 5. More specifically, Gallegos writes the following in support of

---

[3]The initial § 2255 motion was assigned civil case number 4:09-CV-099.*See Gallegos v. United States,* No.4:09-CV-099, No. 4-05-CR-478 (S.D. Tex. July 20, 2010).

[4]This subsequent § 2255 proceeding was assigned civil case number 4:16-CV-1901. *See Gallegos v. United States,* No.4:16-CV-1901, No. 4-05-CR-478 (S.D. Tex. June 30, 2016).

2

this claim:

> I was given enhancements that was not proven by a jury, thus violating amendment #6. In *Alleyne v. United States* it was decided that a person cannot get enhanced by the judge alone a jury has to prove that those enhancements are in fact correctly imposed [sic].

Petition, ECF No. 1, at 5. As noted above, review of the docket and records of Gallegos's underlying criminal case shows that he has also raised similar arguments challenging the enhancement to his sentence under U.S.S.G. § 3B1.1. Gallegos was unsuccessful.

A habeas corpus petition under 28 U.S.C. § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition if "from the petition and any attached exhibits that the petitioner is not entitled to relief").[5]

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam ) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.2003) (citing

---

[5] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the court may apply any or all of such rules to habeas petitions not covered under section 2254. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

3

*Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir.2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e) (West Supp. 2017). Under this "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005) (per curiam ).

Petitioner fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his detention. Petitioner cannot rely on § 2241 merely because he already sought relief under § 2255 and may now be limited in his ability to seek relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, Petitioner Gallegos has not made these showings, and a review of the grounds asserted in this § 2241 petition show that he cannot make them. Petitioner does not attempt to demonstrate that he was convicted of a nonexistent offense. His petition in this case is limited to challenging the sentence that he received—namely the sentencing enhancements. Pet. at 5, 7.

4

Second, Petitioner does not seek to establish that he is actually innocent of the charges against him. *Id.* Indeed, because Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of section 2255(e). *See Brown v. United States,* No.2:11-CV-858, 2011 WL 7426968, at *1-2 (W.D. La. Oct. 3, 2011) (holding that § 2241 petition seeking relief challenging imposition of sentence under U.S.S.G. § 2D1.1(b)(1)[dangerous weapon possession] did not invoke the savings clause), *rep. and rec. adopted*, 2012 WL 629362 (W.D. La. Feb. 24, 2012); *see generally Padilla*, 416 F.3d at 427 (contrasting claims challenging a sentence from those challenging a conviction); *Houston v. Upton,* 460 F. App'x 419, 420 (5th Cir. 2012) (holding that a claim of actual innocence of a sentencing enhancement does not satisfy the savings clause); *Robertson v. United States,* 234 F. App'x. 237, 2007 WL 2005591, at *1 (5th Cir. 2007) (a challenge to the application of the Guidelines is not a challenge to the conviction itself, and [Petitioner's] "argument that he is actually innocent of being a career offender in light of *Leocal [v. Ashcroft* 543 U.S. 1 (2004)] 'is not the type of argument that courts have recognized may warrant review under § 2241'") (quoting *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000)).

Accordingly, Petitioner Carlos Gallegos is not entitled to relief under § 2241 and this petition under § 2241 must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the § 2255 savings clause, district court's order denying petition was vacated, and case remanded with instructions to dismiss for lack of jurisdiction).

### III. ORDER

For the reasons discussed herein, it is therefore **ORDERED** that Petitioner Carlos Gallegos's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **29th day** of **September, 2017.**

_Reed O'Connor_
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**